Barnard, P. J.
This action is brought to foreclose a mortgage, given by one Hillier to the plaintiff.
The defendant, George H. Wooster, took a conveyance of the mortgaged premises from Hillier, and the deed contained a clause that the conveyance was subject to the plaintiff’s mortgage.
The answer of Wooster avers usury. It is well-settled that a grantee of mortgaged premises cannot avail himself of this defense to a mortgage, where he takes a conveyance subject to it. The land is thereby pledged for the mortgage debt, and the defense of usury being personal to the mortgagor is thereby taken away. Hartly v. Harrison, 24 N. Y., 170; Sands v. Church, 2 Seld., 347.
The answer to meet this rule set up that the clause in the deed, which made the conveyance subject to the mort-. gage, was inserted by mutual mistake.
upon this point the answer is defective in stating a mistake which can be corrected in equity.
The particulars of the averment are, that the purchaser did not know of the usury in the mortgage “at the time of *436 accepting said deed,” and that the “ said clause in said deed was inserted without knowledge on the part of said George H. Wooster of the effect thereof.”
It is plain that the grant was given subject to the mortgage, and was so taken understandingly.
The purchaser lost nothing, for he only paid his own. debt when he paid the mortgage.
The parties carried out their intentions, and a court of equity cannot now substitute any other paper between them. Lanning v. Carpenter, 48 N. Y., 408.
The case of Hartly v. Harrison (24 N. Y., 170), holds that that part of the answer which sets up a judgment between Hillier and Wooster does not bind the plaintiff.
She was not a party to it, and there is no mistake which equity can remedy set up in the answer. The case is not like Knickerbocker Life Ins. Co. v. Nelson, 78 N. Y., 137.
If Wooster should reconvey to Hillier now, and there should be a supplemental answer setting up the reconveyance, and if the foreclosure should be based upon the mortgage and should take no notice of the conveyance from Hillier to Wooster, the causes would be similar. Hillier would then set up usury because he would own the title, and had given the bond and mortgage.
The order and judgment should be affirmed, with costs.
Dykman and Pratt, JJ., concur.